UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA PAGLIARO,

                    Plaintiff,

         - against -

STEVENS TRANSPORTATION, INC., et al.,

                    Defendants.

OPINION & ORDER

10 Civ. 0268 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. Introduction

This case was removed from New York state supreme court on January 31, 2011. Plaintiff Victoria Pagliaro claims to have been injured by the negligent operation of a vehicle by Defendant Mariano Amano, Jr., while he was acting as an employee of Defendant Stevens Transportation, Inc. Currently before the Court is Pagliaro's motion to reopen discovery, which Defendants characterize as a motion to modify the scheduling order. For the reasons that follow, Pagliaro's motion is **GRANTED**, with the conditions detailed below.

## II. BACKGROUND

On December 14, 2007, Pagliaro and Amano were driving in traffic on the Major Deegan Expressway in the Bronx, near the point where vehicles exit to join the Cross Bronx Expressway and cross the George Washington Bridge (Compl. at ¶ 12), when Amano's vehicle struck Pagliaro's vehicle from the rear. (*Id.*) Pagliaro claims to have sustained serious injuries from the accident that prevent her from continuing to perform her previous work. (*Id.* at ¶ 16.)

The instant dispute arises from Pagliaro's tardy attempt to serve Defendants with the report of her medical expert, Dr. Sheldon Manspeizer. (Motion to Reopen Discovery ("Pl.'s Mot.") at ¶ 1.) According to a scheduling order entered by the Honorable Richard J. Holwell,

U.S.D.J., on March 2, 2011, all discovery in this case was to be completed by April 4, 2011. (Doc. No. 11.) Pagliaro served Defendants with her expert witness disclosure, as required by Fed. R. Civ. P. 26, on April 18, 2011. On April 26, 2011, Defendants wrote to Pagliaro to inform her that they would be moving to exclude Dr. Manspeizer's testimony as permitted by Fed. R. Civ. P. 37(c)(1). Pagliaro filed the instant motion on June 6, 2011, seeking to reopen discovery for the limited purpose of timely serving Dr. Manspeizer's report, as well as allowing for any further examination of Pagliaro by Defendants' expert that Defendants found to be necessary. (Pl.'s Mot. at ¶¶ 6, 7.)

### III. DISCUSSION

Pagliaro argues that her case will be severely prejudiced by the exclusion of Dr. Manspeizer's testimony, while Defendants argue that Pagliaro has not shown good cause for her failure to timely serve Dr. Manspeizer's report, and should be sanctioned accordingly. The Court agrees with both Parties. Pagliaro offers no explanation for the delay in providing Dr. Manspeizer's report, and Rule 37 does give this Court the option of excluding Dr. Manspeizer's testimony as a result. Courts in this District, however, have recognized that "the strictures of Rule 26 . . ., combined with Rule 37(c)(1)'s harsh penalty for noncompliance, may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." *Ferriso v. Conway Org.*, 93 Civ. 7962, 1995 WL 580197, at *2 (S.D.N.Y. Oct. 3, 1995).

Courts in this Circuit faced with situations where a party has clearly erred in relation to their expert report but would be highly prejudiced by the exclusion of that expert's testimony have held that the appropriate solution is to allow the responsible party to cure the error, but to require that party to bear any additional costs incurred by their opponent as a result. *See, e.g.*, *Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 277-78 (S.D.N.Y. 1998) (parties permitted to

amend expert reports but required to bear the costs of further discovery); *Lory v. General Elec. Co.*, 179 F.R.D. 86 (N.D.N.Y. 1998) (Plaintiff permitted to serve expert report after the close of discovery, but required to bear costs of further discovery). The Court concludes that this is the appropriate solution in this case as well. Accordingly, Pagliaro's motion is **GRANTED**, but she must bear any reasonable costs and attorney's fees incurred by the Defendants if they find it necessary to have Pagliaro re-examined by their expert.

## IV. CONCLUSION

For the foregoing reasons, Pagliaro's motion to reopen discovery is **GRANTED**, with the conditions set forth above. The Parties are directed to complete any further discovery by **July 22, 2011**.

**SO ORDERED** this 6th day of **July 2011**
**New York, New York**

_Ronald Ellis_
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**